UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE No. 23-10863 |
| GEORGE WILEY, JR. | CHAPTER 13 |
| DEBTOR | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR "IN REM" RELIEF**

**NOW INTO COURT**, comes Investar Bank, N.A., ("Investar" herein), appearing through undersigned counsel, who respectfully represents as follows:

1.

George Wiley, Jr. **("Debtor")** filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on December 12, 2023. This is the **second** bankruptcy case filed by the Debtor.

2.

Investar is the holder and owner of a promissory note made and executed by the Debtor dated April 26, 2017, in the original principal amount of $73,000.00, payable to the order of Investar Bank, A Chartered Bank. The note is payable in monthly payments of $367.71 each, beginning June 1, 2017 and continuing to be due on the 1st day of each month thereafter until maturity of May 1, 2047. The note further provides for interest from its date on the unpaid principal balance at the rate of Four and 45/100 (4.45%) percent per annum. The note further provides that failure to pay any installment promptly when due shall, at the option of the holder of the note, immediately mature the entire indebtedness together with interest and fees. Furthermore, in the event of default, the maker agrees to pay, in addition to said principal and interest, and fees,

all costs and reasonable attorney's fees. A copy of the note is attached hereto and is made a part hereof by reference thereto and is referred to hereinafter as "**the Note**."

3.

The Note is paraphed "Ne Varietur" to identify it with an Act of Mortgage executed on the same date by Debtor to and in favor of Mortgage Electronic Registration Systems, Inc. solely as nominee for Investar Bank, a Chartered Bank in the same sum as the Note, encumbering the following described property, to-wit:

> One certain lot or parcel of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes and appurtenances thereunto belonging or in anywise appertaining, situated in the Parish of Iberville, Louisiana and being designated as LOT NUMBER TWENTY-FIVE-A (25-A), Square 2, of Dupont's Annex on that map entitled, "Map showing survey of Lots 21-A, 23-A, and 25_A, Dupont's Annex, located in Section 15, T9S, R12E, S.E.L.D., Parish of Iberville, Louisiana, for E. Jacob Construction, Inc." dated June 14, 2004 and prepared by R.L. Bennett Engineer and Surveyor, Inc. a copy of which map is filed in the official records of Iberville Parish, State of Louisiana, at Book 561, Entry 54. ("**Property**")

The Mortgage was recorded in the office of the Clerk and Recorder for the Parish of Iberville, State of Louisiana, on May 3, 2017, in File # 6442, Book 604 and Entry 89, and copy of the mortgage is attached hereto and made a part hereof, and to which special reference is made for more specific proof.

4.

MERS assigned the Mortgage to Investar Bank, National Association. The original Note is held by Investar Bank, National Association.

5.

Investar Bank, N.A. was originally a state-chartered bank and received the necessary regulatory approvals from the Office of the Comptroller of the Currency (OCC) and the Louisiana

Office of Financial Institutions (OFI) to convert from a Louisiana state bank charter to a national bank charter. The conversion of the Bank to a national bank charter became effective on Monday, July 1, 2019 and its name changed to Investar Bank, National Association.

6.

Investar and Debtor executed a Mortgage Forbearance and Payment Deferral Agreement on January 13, 2021 which granted Debtor a 3-month extension making his January 1, 2021 payment due on April 1, 2021 and extending the maturity of the Note to August 1, 2047. A copy of the Loan Extension Modification Agreement is attached hereto and is made a part hereof by reference thereto.

7.

The Debtor filed a Plan that Investar has objected to and the confirmation hearing is scheduled for March 6, 2024.

8.

The Plan provides for the Debtor to make the regular monthly mortgage payment as it accrues post-petition. The Debtor has not paid the January 1, 2024 nor the February 1, 2024 mortgage payments.

9.

The Debtor owes pre-petition arrears in the amount of $21,920.68.

10.

The Debtor filed isr present case on December 12, 2023 in order to stop the sheriff's sale of the property scheduled for December 13, 2023. This is the second time the Debtor filed bankruptcy to stop the sheriff's sale of the property.

11.

The first bankruptcy case was filed on June 27, 2023, and dismissed on August 30, 2023, for the debtor's failure to attend his 341(a) meeting or creditors. Investar did not receive the July 1, 2023, nor August 1, 2023, post-petition payments that were owed by the Debtor during the pendency of that first bankruptcy case.

12.

The Debtor has enjoyed the benefit of filing for relief under chapter 13 and has prevented the sale of his property. The Debtor has enjoyed the protection provided by the automatic stay in his two bankruptcy cases without complying with his obligations to pay post-petition mortgage payments to Investar and has abused the bankruptcy process.

13.

The Debtor's Schedule AB list the market value of the Property to be $70,000.

14.

The proof of claim filed by Investar states the indebtedness is $84,854.14 and the pre-petition arrears are $21,920.66.

15.

Considering the value of the Property and the amount owed to Investar, Investar submits there is no equity in the Property and automatic stay should be terminated under 11 U.S.C. §362(d)(1).

**THE AUTOMATIC STAY SHOULD BE TERMINATED WITH AN IN REM FINDING**

16.

Because this is the second case involving the Property, and the Debtor has stopped the sheriff's sale of the Property on two occasions, and the Debtor has had the benefit of residing in the

Property without making payments toward the total debt, Investar is requesting an In Rem finding that the Property may not be property of the estate in any future bankruptcy.

17.

The Property is not necessary for reorganization as the Property is not unique and the Debtor can move into any other affordable housing. The Property is not income property and has no equity.

18.

Investar submits that the automatic stay provided by 11 U.S.C. §362 should be terminated under 11 U.S.C. §362(d)(2) for there is no equity in the Property and it is not necessary to an effective reorganization.

19.

Investar submits the automatic stay provided by 11 U.S.C. §362 should be terminated under 11 U.S.C. §362(d) with an Order of In Rem Relief as to the Property as it is necessary that the order terminating the stay be in rem to prevent future filings by Debtor, or any other party which may gain an interest in the Property.

20.

Based on the amount of time it takes to bring the state law case to sheriff sale, Investar further request that the waiting period provided in Rule 4001(a)(3) be waived for cause, making any Order granted under this motion executory immediately upon entry.

**WHEREFORE,** Investar Bank, N. A. prays that after all proceedings are had, there will be an order entered by this Honorable Court:

1. Terminating the automatic stay with an Order of In Rem Relief as to the Property;

2. Waiving the waiting period provided in Rule 4001(a)(3) for cause, making the Order executory immediately upon entry; and

3. For such other and further relief as is just and proper.

By Attorneys,

**ALEXANDER SIDES SPAHT & MULLINS, LLC**
10214 Jefferson Highway
Baton Rouge, Louisiana  70809
Telephone: (225) 761-0001
stacy@alexanderside.com
*/s/Stacy Grove Butler*
By:    Stacy Grove Butler, Bar Roll #18236
         Attorneys for Investar Bank, N.A.